UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**BENJAMIN GUILLORY**          **CASE NO. 6:21-CV-01353 SEC P**

**VERSUS**                     **JUDGE ROBERT R. SUMMERHAYS**

**JERRY GOODWIN, ET AL**       **MAGISTRATE JUDGE HANNA**

## REPORT AND RECOMMENDATION

Pro se petitioner Benjamin Guillory, proceeding in forma pauperis, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on May 20, 2021. Rec. Doc. 1. Petitioner attacks his January 29, 2015 conviction for Armed Robbery with a Firearm and the thirty year sentence imposed by the 27th Judicial District Court, St. Landry Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

I.  **Background**

   a.  **Factual Background**

Petitioner, Benjamin Guillory, is a state prisoner presently incarcerated at David Wade Correctional Center in Louisiana. The following statement of facts is taken from the opinion of the Louisiana Third Circuit Court of Appeals on direct appeal:

> On July 2, 2015, an African-American male dressed as a woman robbed the St. Landry Bank in downtown Eunice, Louisiana. His disguise included sunglasses and a wig, and his face was obscured. He produced a handgun, made threats, and fired the gun as he left the bank. A nearby jogger saw him running, throwing down a glove, and entering an alley. Soon thereafter, the witness saw an African-American male wearing shorts and no shirt leaving the alley. The witness followed him and pointed him out to police as they responded to the bank robbery. When police apprehended Defendant, they observed he had a white substance on his face that appeared to be makeup.
>
> Officers searched the alley and found a wig, sunglasses, a knit cap, cash in a pillow case, loose cash, and a pistol. Some of the cash recovered was still marked with identifying bands from the St. Landry Bank. The police recovered $20,000 of the $23,000 stolen in the robbery. Subsequent lab tests revealed DNA recovered from the hat, glove, and sunglasses matched the Defendant's. DNA from two people was recovered from the pistol's trigger; Defendant could not be excluded as a contributor. DNA from the pistol's grip was inconclusive. DNA on the pistol's slide was a mixture of three people; Defendant could not be excluded as a contributor.

*State v. Guillory*, 18-532, *2-3 (La. App. 3 Cir. 02/27/19).

### b. Procedural Background

Benjamin Guillory was initially charged with armed robbery, a violation of La.R.S 14:64, in 2015. *See State v. Guillory*, 2018-532 ( La. App. 3 Cir 02/27/19). In February 2016, an amended bill of information charged him with violations of La.R.S. 14:64 and 64.3, armed robbery while using a firearm. *Id*. A jury found Guillory guilty as charged.

On April 27, 2017, the trial court ordered a presentence investigation (PSI) report be filed in the record and sentenced Guillory to twenty-five years at hard labor

2

for armed robbery, with an additional five years for use of a firearm, the entire term to be served without benefit of probation, parole, or suspension of sentence. *Id*.

On October 18, 2017, Petitioner filed a pro se Motion to Reconsider, Amend and/or Modify Sentence, which was denied by the trial court as untimely on October 31, 2017. Doc. 13-1, pp. 98-99.

On November 8, 2017, petitioner filed an Application for Post-Conviction Relief alleging the following:

> 1. Ineffective assistance of counsel for failure to present evidence of an alibi;
>
> 2. Ineffective assistance of counsel for failure to challenge the lack of physical evidence in the case; and
>
> 3. Ineffective assistance of counsel for failure to request a preliminary examination.

*Id*. at pp. 106-112.

The trial court found that all of petitioner's claims lacked merit and thus, denied petitioner's application on February 7, 2018. *Id*. pp. 113-116.

On May 23, 2018, petitioner filed an out-of-time appeal which was granted by the trial court, who appointed the Louisiana Appellate Project to represent him. *Id*. Appellate counsel filed a motion to withdraw, with a supporting brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), representing that he could find no non-frivolous issues to present to appellate court for review. *Id*. The Third Circuit

3

affirmed the conviction on February 27, 2019. *Id.* Petitioner timely applied for writs of certiorari in the Louisiana Supreme Court, which that court denied on June 3, 2019. *State v. Guillory,* 2019-0606 (La. 06/03/19), 272 So. 3d 891.

Petitioner did not apply for certiorari in the United States Supreme Court. Rec. Doc. 1, p.3, ¶ 9(h)).

On August 14, 2019, Guillory filed an application for post-conviction relief in the trial court, raising the issues of ineffective assistance of counsel, excessive sentence and insufficient evidence (rec. doc. 13-4, pp. 36-45), which was denied on September 4, 2019 (*id*. at pp. 51-52). On October 8, 2019, Petitioner sought review in the Third Circuit, which was denied November 16, 2020. *Id*. at p. 63. The Supreme Court denied Petitioner's request for review on April 7, 2021. *Id*. at p. 65.

The instant petition was filed on May 20, 2021, raising the following claims: (1) ineffective assistance of counsel; (2) excessive sentence; and (3) insufficient evidence. Rec. Doc. 1.

## II. Law and Analysis

### a. Standard of Review - 28 U.S.C. § 2254

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2254, governs habeas corpus relief. The AEDPA limits how a federal court may consider habeas claims. After the state courts have "adjudicated the merits" of

an inmate's complaints, federal review "is limited to the record that was before the state court[.]" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

To overcome AEDPA's relitigation bar, a state prisoner must shoehorn his claim into one of its narrow exceptions. *Langley v. Prince*, 962 F.3d 145, 155 (5th Cir. 2019). As relevant here, he must show the state court's adjudication of the claim "resulted in a decision that was [1] contrary to, or [2] involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.*; 28 U.S.C. § 2254(d)(1).

The first exception to the relitigation bar—the "contrary to" prong—is generally regarded as the narrower of the two. *Id*. A state-court decision is "contrary to" clearly established federal law only if it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if" it resolves "a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id*. (*citing Terry Williams v. Taylor*, 529 U.S. 362, 413 (2000).

The other exception to § 2254(d)(1)'s relitigation bar is the "unreasonable application" prong, which is almost equally unforgiving. *Id*. at 156. The Supreme Court has repeatedly held that it is not enough to show the state court was wrong. *Id.; see also*, *Renico v. Lett*, 559 U.S. 766, 773 (2010) ("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal

law erroneously or incorrectly." (quotation omitted)); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."). Rather, the relitigation bar forecloses relief unless the prisoner can show the state court was so wrong that the error was "well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id. (citing Shoop v. Hill*, 139 S. Ct. 504, 506 (2019) (per curiam) (quotation omitted). In other words, the unreasonable-application exception asks whether it is "beyond the realm of possibility that a fairminded jurist could" agree with the state court. *Id.* (*citing Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016) (per curiam); see *also Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2558 (2018) (per curiam) (asking "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court" (quotation omitted)).

Overcoming AEDPA's relitigation bar is necessary, but not sufficient, to win habeas relief. Even after overcoming the bar, the prisoner still must "show, on de novo review, that [he is] 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Id. (citing Salts v. Epps*, 676 F.3d 468, 480 (5th Cir. 2012) (quoting 28 U.S.C. § 2254(a)); *see also Berghuis v. Thompkins*, 560 U.S. 370, 390

(2010) ("[A] habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on de novo review [under] § 2254(a).").

Section 2254(d)(2) speaks to factual determinations made by the state courts. Federal courts presume such determinations to be correct; however, a petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### b. Claims

#### i. Claim 1 – Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Under *Strickland*, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial. *Id*. at 2064. The first prong does not require perfect assistance by counsel; rather, petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id*. Judges have been cautioned towards deference in their review of attorney performance under *Strickland* claims in order to "eliminate the potential distorting effect of hindsight." *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997) (quoting *Strickland*, 104 S.Ct. at 2065) (quotations omitted).

Accordingly, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

The second prong requires the petitioner to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 104 S.Ct. at 2055-56. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 2056. In other words, the petitioner must show prejudice great enough to create a substantial, rather than conceivable, likelihood of a different result. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011) (quoting *Cullen v. Pinholster*, 563 U.S. 170, (2011)). "Both of [Strickland's] prongs must be proven, and the failure to prove one of them will defeat the claim, making it unnecessary to examine the other prong." *Williams v. Stephens*, 761 F.3d 561, 566-67 (5th Cir. 2014).

In the matter before this Court, Guillory asserts that trial counsel was ineffective (1) in failing to object to evidence at trial in that no eyewitness could testify that the man who ran into the alley in costume was the same person who emerged wearing only shorts; and (2) in failing to object to DNA evidence that petitioner alleges was far from conclusive in that testing revealed three (3) different people could be responsible for the weapon.

In addressing petitioner's ineffective assistance of counsel claims, the Third Circuit stated:

8

> Defendant did not object to the introduction of any of the State's evidence at trial. Although no eyewitness could testify that the man who ran into the alley in costume was the same man who came out of the alley wearing only a pair of shorts, the circumstances strongly suggest this conclusion. For example, one witness testified there was only one way in and out of the alley. Further, the DNA evidence showed Defendant had physical contact with three items discarded in the alley and could not be excluded as having had contact with the firearm police recovered. Pursuant to *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979), we find it was rational for the jury to conclude Defendant was the same man who robbed St. Landry Bank.

*State v. Guillory*, 2018-532, *5-6 (La. App. 3 Cir 02/27/19).

The State argues, and this Court agrees, that Petitioner cannot meet his burden to show counsel's performance was deficient or that he was prejudiced by counsel's failure to object, or that counsel's objection would have been sustained in light of the overwhelming evidence of petitioner's guilt presented at trial. This claim for relief should be denied and such denial is not contrary to, nor an unreasonable application of *Strickland*.

### ii. Claim 2- Excessive Sentence

Petitioner next argues that his sentence of 30 years was unconstitutionally excessive, as he has no prior violent offenses, and no one was injured during the crime. In the instant case, petitioner was adjudicated a second felony offender and received twenty-five (25) years for the Armed Robbery conviction, plus five (5) years for the use of firearm during the crime for a total of thirty (30) years at hard labor.

9

To the extent petitioner challenges the state courts' compliance with Louisiana's sentencing laws and the Louisiana Constitution, his claim is not the concern of federal habeas review. *Butler v. Cain*, 327 F. App'x 455, 457 (5th Cir. 2009). Instead, federal courts afford broad discretion to a state trial court's sentencing decision that falls within statutory limits. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987); See also, *Turner v. Cain*, 199 F.3d 437, 1999 WL 1067559, at *3 (5th Cir. Oct. 15, 1999).

When a state sentence is within the statutory limits, a federal habeas court will not upset the terms of the sentence unless it is shown to be grossly disproportionate to the gravity of the offense. See *Harmelin v. Michigan*, 501 U.S. 957, 993-95 (1991); *Solem v. Helm,* 463 U.S. 277, 290-91 (1983). "[W]hen a threshold comparison of the crime committed to the sentence imposed leads to an inference of 'gross disproportionality,'" a court then considers (a) the sentences imposed on other criminals in the same jurisdiction; and (b) the sentences imposed for commission of the same offense in other jurisdictions. *Smallwood v. Johnson*, 73 F .3d 1343, 1346-47 (5th Cir. 1996); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992).

In *Solem v. Helm*, 463 U.S. 277 (1983), the Supreme Court held that the Eighth Amendment "prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed." "This constitutional principle is tempered, however, by the corollary proposition that the determination of prison

sentences is a legislative prerogative that is primarily within the province of legislatures, not courts." *United States v. Gonzales*, 121 F.3d 928, 942 (5th Cir. 1997) (citing *Rummel v. Estelle*, 445 U.S. 263, 274-76 (1980)). "[C]ourts must grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." *Gonzales*, 121 F.3d at 942 (quotation marks omitted). "[T]herefore, it is firmly established that successful challenges to the proportionality of punishments should be exceedingly rare." *Id*. (quotation marks omitted). If the sentence is not "grossly disproportionate," in the first instance, the inquiry is finished. *Gonzales*, 121 F.3d at 943.

Interpreting *Solem* in light of intervening precedent, the United States Fifth Circuit Court of Appeals has set forth the framework to be used when analyzing a claim that a sentence is excessive:

> [W]e will initially make a threshold comparison of the gravity of [petitioner's] offenses against the severity of his sentence. Only if we infer that the sentence is grossly disproportionate to the offense will we then ... compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions.

*McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992).

Petitioner's crime was a crime of violence, and as the state court noted, "not only was this a robbery, but it was a robbery of a bank. Not only was it a robbery of a bank, it involved a firearm. And not only did it involve a firearm, he shot the

firearm." Rec. Doc. 13-2, p. 168. Although the issue was not raised by counsel, the Third Circuit did address petitioner's sentence in the Court's written Judgment:

> Considering the factors set forth in *Soileau*, we note the nature of the crime is serious. This was an armed robbery of a bank while open for business that included the discharge of a firearm. Defendant has only one prior conviction for possession of a controlled dangerous substance with intent to distribute. Nevertheless, comparing Defendant's sentence to other sentences for similar offenses, we observe "the Louisiana Supreme Court has consistently held that a sentence of thirty to fifty years for the offense of armed robbery is acceptable [even] for a first offender[.]" *State v. Shupp*, 15-695, p. 35 (La.App. 3 Cir. 2/3/16), 185 So.3d 900, 923.

*State v. Guillory,* supra, at *8.

This Court cannot conclude that petitioner's sentence is grossly disproportionate under federal law. Because the sentence is not grossly disproportionate, this Court's "inquiry is finished." *Gonzales*, 121 F.3d at 942.

### iii. Claim 3 – Insufficiency of the Evidence

Finally, petitioner argues that the evidence was insufficient to support his conviction. Specifically, he argues that: (1) the Acadiana Crime Lab concluded that the weapon used to link petitioner to the robbery had the DNA of three individuals; (2) the clothing worn was not tested for DNA; and (3) the ballistics expert concluded that the projectile collected from the bank ceiling did not match the weapon used in the robbery.

*Jackson v. Virginia*, 99 S. Ct. 2781 (1979), provides the appropriate United States Supreme Court standard for consideration of a claim of insufficient evidence.

Under *Jackson*, a federal habeas court addressing an insufficiency of the evidence claim must determine, after viewing the evidence in the light most favorable to the prosecution, whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *Id*. at 319; *Williams v. Cain*, 408 F. App'x 817, 821 (5th Cir. 2011); *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008). Thus, to determine whether the commission of a crime is adequately supported by the record, the Court must review the substantive elements of the crime as defined by state law. *Perez*, 529 F.3d at 594 (citing *Jackson*, 443 U. S. at 324 n. 16).

In *Young v. Guste*, 849 F.2d 970 (1988), the Fifth Circuit noted that a federal habeas court's sufficiency of the evidence analysis is restricted to "review of the record evidence adduced at trial." *Young*, 849 F.2d at 972. In *Coleman v. Johnson*, 132 S.Ct. 2060 (2012), the United States Supreme Court elaborated on claims made under *Jackson v. Virginia*:

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, 'it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.' *Cavazos v. Smith*, 132 S.Ct. 2, 4 (2011) (per curiam). And second, on habeas review, 'a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively

13

unreasonable.'' *Ibid*. (quoting *Renico v. Lett*, 130 S.Ct. 1855, 1862, (2010)).

132 S.Ct. at 2062.

Thus, the standard to be applied by this Court when conducting a sufficiency of evidence analysis on federal habeas review is in fact "twice-deferential." *Parker v. Matthews*, 132 S.Ct. 2148, 2152 (2012).

The sufficiency of the evidence analysis employed by Louisiana courts is the same one used by federal courts, *Jackson v. Virginia, supra*.; *State v. Bishop*, 835 So.2d 434, 437 (La. 2003). Louisiana's Third Circuit Court of Appeal set forth the proper state and federal court analysis of a sufficiency of the evidence claim in *State v. Lambert*, 720 So.2d 724 (La. App. 3 Cir. 1998) where it stated:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307(1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witness. Therefore, the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review. See *King*, 436 So.2d 559, citing *State v. Richardson*, 425 So.2d 1228 (La.1983).

720 So.2d at 726-27.

Where a federal habeas petition claims that the state court trial evidence is insufficient for a conviction, the "proper standard of review is whether any rational

14

trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *Bujol v. Cain*, 713 F.2d 112, 114 (5th Cir. 1983), citing *Jackson*. "The *Jackson* inquiry 'does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit.'" *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) citing *Herrera v. Collins*, 113 S. Ct. 853, 861 (1993). The federal habeas court must evaluate a sufficiency of the evidence challenge "with explicit reference" to the substantive state law elements of the criminal offense and should "give great weight to the state court's determination." *Foy v. Donnelly*, 959 F.2d 1307, 1313-14 (5th Cir. 1992), quoting *Jackson v. Virginia*, 443 U.S. at 323 n. 16; *Gibson v. Collins*, 947 F.2d 780, 782, 786 (5th Cir. 1991); *Poretto v. Stalder*, 834 F.2d 461, 467 (5th Cir. 1987).

Guillory was convicted based on circumstantial evidence, thus, under *Jackson*, the evidence admitted at trial must clearly and strongly indicate that he was the perpetrator. *See State v. Jackson*, 179 So.3d at 770.

The trial court summarized the overwhelming evidence presented against the petitioner at trial in its Post-Conviction Ruling issued on February 7, 2018:

> In order to address the remaining allegations, a short summary of the evidence introduced at trial is helpful. On July 2, 2015, the St. Landry Bank located at 101 North Second Street, Eunice, Louisiana was robbed at gunpoint. The suspect was a thinly built male dressed in women's clothing. The suspect appeared to have make-up on his

> face. The suspect was armed with a small caliber pistol. Upon leaving the bank, the suspect fired the pistol into the air.
>
> After leaving the bank, witnesses saw the suspect run towards a nearby alley. They saw defendant remove a glove and throw it onto the ground. One witness saw defendant enter a small alley way near the bank. She also saw him leave the alley. Thereafter, she pointed police towards the direction where the suspect ran. The Eunice Police Department and other local law enforcement quickly responded to the armed robbery. Officers apprehended Guillory a short time after the robbery. The officers apprehended him only a short distance from the bank. At the time of apprehension, Guillory was shirtless, sweating profusely, and appeared to have make-up like substance running from his face.
>
> Officers later discovered several articles of women's clothing and cash in an alley near the bank. Officers also recovered the discarded glove and a pair of sunglasses. DNA testing confirmed that Guillory's DNA was present on the glove and sunglasses. Police also recovered a .25 caliber pistol with no magazine. Police recovered a spent 25 caliber cartridge in the bank. Police also recovered an unspent .25 caliber cartridge in the clothes recovered from the alley that matched the brand and caliber of the cartridge shot inside the bank. Guillory's DNA was present on the pistol.

Rec. Doc. 13-1, pp. 103-105.

On appeal, the Third Circuit invoked and applied the *Jackson* standard, and it did not do so unreasonably. The state court held that the aforementioned evidence was sufficient to support petitioner's conviction of armed robbery with a firearm. In sum, viewing the evidence in the light most favorable to the prosecution, it cannot be said that petitioner's conviction of armed robbery with a firearm was irrational.

When this Court reviews that decision through the additional deference due the state court's decision under Section 2254(d), habeas relief is not permitted. Even if

16

a jury could have interpreted the evidence in the fashion that petitioner suggests, his jury made a reasonable decision that the evidence instead proved that petitioner was guilty as charged. The state court's review of the jury's verdict was based on a reasonable assessment of the evidence and application of *Jackson*, so habeas relief is not permitted.

### III. Conclusion and Recommendation

For the foregoing reasons,

**IT IS RECOMMENDED THAT** the instant application be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the**

**District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

  Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

  In Chambers, Lafayette, Louisiana July 6, 2022.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**
